UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 09-21545-CIV-MORENO

ANTHONY GARCIA,

    Plaintiff,

vs.

JOHNSON & WALES UNIVERSITY,

    Defendant.
_____/


CLOSED CIVIL CASE

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Anthony Garcia is suing his former employer, Johnson & Wales University, under Florida's Whistle Blower Act, §§ 448.102(2) and (3), Fla. Stat. Plaintiff alleges Defendant terminated his employment in retaliation for reporting wrongful actions committed by a police officer at the University's dorm. The Court finds insufficient evidence that Plaintiff's actions are protected under Florida's Whistle Blower Act. Though the police officer's conduct (videotaping consensual sexual acts) may be improper, it was not illegal. Therefore Plaintiff is not a whistleblower under the law and Defendant's actions cannot be retaliatory. For the reasons set forth below, Defendant's Motion for Summary Judgment is GRANTED.

### I. Background

From September 10, 2008 until April 23, 2009 Plaintiff was employed by Defendant at its North Miami campus as a Lieutenant in the Safety and Security Department. Plaintiff was responsible for supervising sergeants and for bringing the sergeants' and officers' concerns to his superiors. Plaintiff alleges that the Director of Security, Yakir Fernandez, gave North Miami Police

Officer Alexander Zaharis, an access card for an empty dorm. Zaharis used the empty dorm room to engage in sexual activities with women. During this time, Zaharis performed security work for Defendant. A different security guard Jayson Andino, discovered that Zaharis was videotaping himself engaging in sexual acts with women, allegedly without their consent to be videotaped. Andino first informed Plaintiff of the videotaping, and then Plaintiff informed Fernandez of Zaharis's conduct. Plaintiff claims that instead of reporting the conduct to law enforcement, Fernandez preferred to deal with the matter internally. Plaintiff also claims that he refused to take part in Defendant's "ratification" of Zaharis's illegal activities so he provided information of the alleged wrongdoing to Detective Trevor Shinn, of the North Miami Police Department. Plaintiff claims that as a result of informing Detective Shinn and reporting the misconduct to Fernandez, he was fired.

Defendant claims it did not terminate Plaintiff in retaliation, but rather for incidents arising from the night of April 1, 2009. On that night, Plaintiff allegedly abandoned his post, and directed police officer Kessler Brooks to leave his post with him to attend to a personal matter. After learning of the incidents, Dean of Students Ismare Monreal, personally began investigating the matter. She specifically instructed Plaintiff not to speak to Brooks while the investigation was pending, but soon after that instruction, Plaintiff spoke to Brooks and allegedly denied doing so. Consequently, Dean Monreal terminated Plaintiff's employment because he violated her instruction not to contact Brooks, lied about it, and abandoned his post exposing the University to a potential security breach. Then on June 9, 2009, Plaintiff filed the instant case against Johnson & Wales University alleging retaliation claims under Florida's Whistle Blower Act.

## II. Summary Judgment Standard

Summary judgment is authorized when there is no genuine issue of material fact. Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Then the burden shifts to the party opposing the motion, who must set forth specific facts and establish the essential elements of the case on which he will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The party opposing the motion must present more than a scintilla of evidence in support of its position and it "may not rest upon the mere allegations or denials of the adverse party's pleadings." Fed. R. Civ. P. 56(c). Rule 56(e) mandates that a party moved against respond with affidavits, depositions, or otherwise to reflect that there are material facts which must be presented to a jury for resolution. *See Adickes*, 398 U.S. at 159-161. When the record could not support a finding by the trier of fact for the non-movant, there is no genuine issue for trial and summary judgment is appropriate. *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## III. Applicable Law

The standard used to analyze summary judgment motions under Title VII retaliation claims is also applied to actions brought under the Florida Whistleblower Act. *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 950-51 (11th Cir. 2000); *see also Rutledge v. Suntrust Bank*, 262 Fed. Appx. 956, 957-58 (11th Cir. 2008). If the summary judgment motion relies on circumstantial evidence and it is a Title VII retaliation case, the burden shifting framework from *McDonnell Douglas Corp.*

*v. Green*, 411 U.S. 792, 802-03 (1973) applies. The *McDonnell Douglas* framework requires the plaintiff employee to present sufficient evidence so that a reasonable jury could conclude he has satisfied the elements of his *prima facie* case. *Rutledge*, 262 Fed. Appx. at 958. Then if the *prima facie* case is established, the burden shifts to the employer to provide a legitimate reason for the employment action. *Id.* at 958. Finally, if the employer offered legitimate reasons, the burden returns to the plaintiff employee to prove that those reasons are pre-textual. *Id.*

The *prima facie* case under Florida's Whistle Blower Act has three elements. Plaintiff must show 1) that he engaged in statutorily protected activity 2) that he suffered a materially adverse action that would discourage a reasonable employee from engaging in statutorily protected activity and 3) that there is a causal relationship between the two events. *Rutledge*, 262 Fed. Appx. at 958 (citing *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001); *see also Olmstead v. Taco Bell Corp.*, 141 F.3d 1457, 1460 (11th Cir. 1998) (outlining the *prima facie* case under Title VII retaliation claims).

## IV. Analysis

*Prima Facie Case*

There are several factors at issue in Defendant's motion for summary judgment. Because Plaintiff was terminated the parties do not dispute that there was an adverse employment action, the second prong of the *prima facie* case under Florida's Whistle Blower Act. However, the parties do dispute the first prong as to whether Plaintiff engaged in statutorily protected activity, and the last prong as to whether there is a causal connection between when Plaintiff reported the wrongdoing to when he was eventually terminated.

For the reasons stated below, the Court finds that Plaintiff did not engage in statutorily protected activity and Plaintiff therefore fails to satisfy the first element of his *prima facie* case. Plaintiff invokes subsection two and three of Florida's Whistle Blower Act to establish the first element of his *prima facie* case. Under subsection two, Plaintiff lacks sufficient evidence to establish that there was an ongoing investigation when he reported the alleged wrongdoing to Detective Shinn. Under subsection three, the Court also finds that although Zaharis's activities (videotaping consensual sexual acts) are probably improper, there is insufficient evidence offered to prove that they are illegal. Likewise, Plaintiff lacks sufficient proof to suggest that the Defendant University had a policy or practice of allowing Zaharis's alleged videotaping of consensual sexual acts.

Because the Court finds that Plaintiff's actions are not statutorily protected it need not decide whether there is a casual connection between when Plaintiff reported Zaharis's conduct to when Plaintiff was terminated.

*Whether Plaintiff Engaged in Statutorily Protected Activity*

Plaintiff alleges that Florida's Whistle Blower Act is the source of his statutorily protected activity. He specifically cites to Florida Statute Section 448.102(2) to protect him from his employer's alleged retaliation. Plaintiff claims he was terminated for reporting Officer Zaharis's activities to Detective Trevor Shinn. However, the statute requires the information be provided to someone who is "conducting an investigation, hearing, or inquiry into an alleged violation of law, rule or regulation by the employer." § 448.102(2) Fla. Stat. The only assertion of an ongoing

investigation is in Plaintiff's affidavit where he generally affirms that when he informed the North Miami Police Department of the wrongdoing it was "conducting an investigation into J&W's unlawful conduct." (Pl.'s Aff. ¶ 44.) Plaintiff fails to set forth specific facts to support that any agency was conducting an investigation and conclusory allegations without supporting facts have no probative value. *Leigh v. Warner Bros.*, 212 F.3d 1210, 1217 (11th Cir. 2000). Plaintiff's self-serving affidavit, stating that the investigation was ongoing at the time he reported it, is insufficient to advance his position. As there is insufficient record evidence to establish that Detective Shinn was conducting an investigation, Florida Statute Section 448.102(2) fails to protect him.

Under Florida Statute Section 488.102(3), the plaintiff must prove the employer actually violated a law, rule, or regulation to be protected. *Barlow v. Conagra Foods, Inc.*, 2005 U.S. Dist. LEXIS 31398, at *12 (M.D. Fla. Nov. 23, 2005). The plain language of the statute requires a violation to protect an employee for objecting to an employer's action "which is" in violation of a law, rule, or regulation. The statute does not make allowances for a reasonable belief in a violation of the law, but instead an actual violation of a law is needed. The Florida Supreme Court applies Florida's Whistle Blower Act against employers in the same fashion, by protecting employees who report employers "who violate the law or against employees who refuse to participate in violations." *Arrow Air v. Walsh*, 645 So. 2d 422 (Fla. 1994).

Plaintiff claims Defendant violated Florida Statute Section 448.102(3), which prohibits employer retaliation when an employee objects or refuses to participate in a "policy or practice" of the employer that violates a law, rule, or regulation. One of the laws the employer allegedly violated

was the Video Voyeurism Act, § 810.145 Fla. Stat.[1] However, even Plaintiff recognizes the weakness in his own allegation by arguing that "it appears" Zaharis was videotaping sexual activities with women without their consent. (Pl.'s Resp. to Def.'s Mot. Summ. J. ¶ 13.) Plaintiff points to deposition testimony that explains that the camera was hidden and out of sight, but fails to point to any evidence that supports the allegation the videotaping was not consensual. (Andino Dep. at 55: 16-56:2, 59: 22-25 July 24, 2009.) Merely addressing how hidden the camera is, does not establish a lack of consent. There are no witnesses to the alleged sexual conduct. At best, Plaintiff guesses that the employer was violating a law. Therefore, Plaintiff cannot prove that the act of videotaping a sex act without the participant's consent was illegal. Therefore Defendant University cannot be found liable under Florida's Whistle Blower Act.

Plaintiff attempts to argue that because Zaharis was given access to a room on campus, and he supposedly videotaped women engaging in sexual acts without their consent, then the employer had a policy or practice of permitting this wrongful activity. However Plaintiff fails to point to a policy or practice of the employer that even remotely suggests that it allowed or promoted concealed noncensensual video recordings of sexual actions on campus. Thus, Florida Statute Section 448.102(3) does not apply to Plaintiff in this case and summary judgment shall be granted in favor of Defendant.

---

[1] The Video Voyeurism Act is violated if someone vide tapes another, for their amusement or pleasure, without that person's knowledge and consent, who is privately exposing the body or undressing, when he or she has a reasonable expectation of privacy. § 810.145(2) Fla. Stat.

## V. Conclusion

Plaintiff has failed to establish a *prima facie* case of retaliation based on Florida's Whistle Blower Act. Plaintiff has presented no evidence of lack of consent to any videotaping of consensual sexual acts. Neither has Plaintiff proven that there was an ongoing investigation when he reported the alleged videotaping of consensual sexual acts to Detective Shinn. Further, Plaintiff has failed to identify a policy or practice of the Defendant University that allowed Zaharis's alleged videotaping of consensual sexual acts. In conclusion, the first prong of the *prima facie* case, whether Plaintiff engaged in statutorily protected activity, is not satisfied. Accordingly, it is

**ADJUDGED** that Defendant's Motion for Summary Judgment **(D.E. No. 19)**, filed on **August 21, 2009** is hereby **GRANTED**. It is also ADJUDGED that all pending motions are **DENIED** as moot.

DONE AND ORDERED in Chambers at Miami, Florida, this 1st day of December, 2009.

_____
FEDERICO A. MORENO
CHIEF UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record